**CHARLES OF THE RITZ GROUP LTD. and Yves Saint Laurent Parfums Corp., Plaintiffs,**

v.

**QUALITY KING DISTRIBUTORS, INC., Deborah International Beauty, Ltd., and Deborah Richman, Defendants.**

No. 86 Civ. 4251 (EW).

United States District Court, S.D. New York.

July 16, 1987.

See also 636 F.Supp. 433.

Paskus, Gordon & Mandel, New York City, for plaintiffs; Lile H. Deinard, of counsel.

Robert L. Sherman, Mineola, N.Y., for defendant Deborah Intern. Beauty, Ltd.

Albin & Richman, Garden City, N.Y., for defendant Deborah Richman.

EDWARD WEINFELD, District Judge.

Plaintiffs are Charles of the Ritz Group Ltd. and Yves Saint Laurent Parfums Corp., makers of OPIUM perfume. Defendants are Quality King Distributors, Inc., Deborah International Beaury, Ltd., and Deborah Richman, makers and distributors of OMNI, a perfume that simulates the scent of OPIUM. On June 20, 1986, this Court issued a preliminary injunction against defendants' use of the sentence, "IF YOU LIKE OPIUM, YOU'LL LOVE OMNI," or any similar or equivalent language. This sentence had been imprinted on a tab that protruded from the top of each box of OMNI perfume. In August 1986, defendants moved that this Court clarify whether the injunction would bar use of a tab imprinted with a modified version of the sentence, to wit, "IF YOU LIKE OPIUM, A FRAGRANCE BY YVES ST. LAURENT, YOU'LL LOVE OMNI, A FRAGRANCE BY DEBORAH INTERNATIONAL BEAUTY." It was held that this modified sentence also violated the original injunction.

Plaintiffs now allege that defendants are responsible for continued use of the two versions of the sentence noted above and the use of a new tab that consists of the modified sentence, held to be enjoined last August, followed by a disclaimer in smaller type. This new tab thus reads in full: "If You Like OPIUM, a fragrance by Yves Saint Laurent, You'll Love OMNI, a fragrance by Deborah Int'l Beauty. Yves Saint Laurent and Opium are not related in any manner to Deborah International Beauty and Omni."

Plaintiffs move that defendants be held in contempt of court for having (1) used, caused, encouraged, assisted, contributed to, or permitted the use of enjoined words or phrases in advertisements or promotions of Omni; and (2) failed to remove and eliminate such words or phrases from advertisements or promotions of Omni. In the alternative, plaintiffs move that defendants and those in active concert with them be preliminarily enjoined from use of the new combination of slogan and disclaimer.

A party may be found in contempt only if (1) the order alleged to have been violated is "clear and unambiguous"; (2) the proof of noncompliance is "clear and convincing;" and (3) the defendant had not "been reasonably diligent and energetic in attempting to accomplish what was ordered." *EEOC v. Local 638*, 753 F.2d 1172, 1178 (2d Cir.1985), *aff'd,* —— U.S. ——, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986); *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.1981), *cert. denied*, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981). After a contested hearing at which both sides offered testimony, the Court finds plaintiffs have not sustained their burden of proof. Because no evidence was offered at the hearing linking defendant Quality King, a shareholder of Deborah International and a distributor of its products, to the activities alleged to constitute contempt, Quality King's motion to dismiss the contempt charge against it was granted. The analysis of the contempt motion below thus concerns only defendants Richman and Deborah International.

Plaintiffs presented their evidence of contempt chiefly through an examination of defendant Deborah Richman, an officer of defendant Deborah International. They cited as instances of contempt: (1) an advertisement for Peoples' Drug Stores from the August 1986 issue of a regional edition of *Seventeen Magazine* (Px. 3); (2) an advertisement published by Walgreen's Drug Stores in the *Chicago Tribune* on November 30, 1986 (Px. 4) and another, two-page Walgreen's advertisement for the 1986 Christmas season (Px. 6); (3) a flyer for Drugfair advertising a sale ending on December 13, 1986 (Px. 5); (4) a trade advertisement for Deborah International Beauty, which appeared in an unnamed trade journal in September 1986 (Px. 8); and (5) a tab insert used in boxes of OPIUM in store displays starting in October or November 1986 (Px. 9), along with photographs of one such display (Px. 10, 11, 12). For the following reasons, plaintiffs' evidence fails to meet the "clear and convincing" standard of proof.

■ The Peoples' Drug, Walgreen's, and Drugfair advertisements are all "co-op advertisements"—advertisements placed by the retailer and paid for with an allowance provided by the manufacturer, Deborah International. With respect to the Peoples' Drug advertisement, Deborah Richman testified that the advertisement was prepared by Deborah International and was printed by June 24, 1986. According to Deborah International's printing broker, Jeffrey Praeger, the advertisement was submitted to *Seventeen Magazine* on behalf of Deborah International at an even earlier date—June 12, 1986. This Court's order of preliminary injunction was filed on June 25, 1986, after the allegedly contemptuous advertisement was submitted to *Seventeen Magazine* and printed. Although plaintiffs urge this Court to find that defendants could have withdrawn the advertisement, no evidence has been presented to support this assertion and the order that was entered does not support the claim. The appearance of the Peoples' Drug advertisement is thus not "clear and convincing" evidence of contempt.

As for the co-op advertisements by Walgreen's and Drugfair, each contained a photograph of a box of OMNI accompanied by additional text. Each advertisement contained, either in the text or on the tab protruding from the box in the photo, both the sentence originally enjoined and the modified sentence rejected by this Court last August. Richman testified that plaintiffs, prior to the appearance of the advertisements, notified all of defendants' major retailers, including Walgreen's and Drugfair, of this Court's original preliminary injunction. She further testified that although she knew Walgreen's and Drugfair planned to publish the advertisements in question, they never discussed with her the contents of those advertisements.

■ In explanation of how the retailers apparently came to use the modified sentence disapproved of last August, Richman testified that during the summer of 1986 she visited retailers and left with some of them a sample of the tab that would be the subject of defendants' motion for clarification. Although it appears that Walgreen's and Drugfair used these tabs in preparing their advertisements, Richman testified that she made no representation to the retailers that the new language had been approved, but rather told them that Deborah International would be seeking approval for the tab, and that if it was approved, such tabs would be shipped to retailers for use. Because such tabs were never shipped for use, Richman did not contact retailers to inform them that the tab was not approved. In light of Richman's uncontradicted testimony that she neither reviewed the advertisements published by the retailers nor told the retailers they could use the modified language, plaintiffs have not presented "clear and convincing evidence" that defendants are responsible for the contents of the advertisements.

■ There is no dispute that defendant Deborah International is responsible for the contents of the final advertisement in question, which appeared in an unidentified trade journal in September 1986 and was published elsewhere at least once during the same year. Plaintiffs only offered in evidence a xerox of the advertisement and did not request a continuance of the trial to produce an original. The advertisement contains a small picture of several Deborah International products in a display case, including a box of OMNI with a tab that plaintiffs assert displays an enjoined slogan. The slogan on the tab, however, is not legible. Plaintiffs have thus again failed to produce "clear and convincing evidence" of contempt.

■ Plaintiffs' final ground upon which to hold defendants in contempt is defendants' use of a new tab on its boxes of OMNI, which is imprinted with the version of the slogan rejected last August and the additional sentence, "Yves Saint Laurent and Opium are not related in any way to Deborah International Beauty and Omni." Defendants will not be held in contempt for use of this tab, because this Court's opinion of last August cannot be said to clearly rule out the use of the modified sentence in combination with the disclaimer. At the same time, however,

this Court grants plaintiffs' motion that all defendants and those in concert with them be preliminarily enjoined from using this new combination of slogan and disclaimer. The reasons for granting this preliminary injunction, which will now be made crystal clear to the defendants, are: (1) the tab uses its largest type size for the words OPIUM and OMNI, and a smaller type size is used for the disclaimer; (2) as one tab and box of OMNI were displayed in one drug store, on a shelf slightly above eye level for many people, a consumer looking up at the display might only be able to read the top lines on the tab, and not the disclaimer, which appears at the bottom of the tab; and (3) the disclaimer still does not indicate that OPIUM and OMNI are competing products. Given the circumstances of this case, defendants appear to be attempting to reap the benefits of consumer confusion while attaining the most minimal, technical compliance with the law possible. A preliminary injunction is therefore appropriate.

So ordered.