KLEIN, J.
Appellant plaintiff sued the appellees for using his picture in an advertisement without his permission. He alleged invasion of privacy and a violation of section 540.08, Florida Statutes (2000), which imposes liability for using a person’s name or likeness in a commercial advertisement without consent. The advertisements, which were not prepared or authorized by General Nutrition Corporation (GNC), indicated that the product could be purchased at GNC stores. We affirm a summary judgment holding that GNC is not liable.
Defendant Buckley, who was employed by Smart Health, used a picture of plaintiff, his former high school coach, in an ad for an herbal product which supposedly cures impotency. Buckley copied the picture from his high school yearbook. The ad also contained an alleged quote from plaintiff, suggesting that his sex life had improved, signed “Harry P.” Plaintiff had not authorized this.
One of the ads stated that the product was available at “GNC & other fine health food stores,” while another contained the statement “Herbal V. from Smart Health USA is available at Fine Health Food Stores Nationwide including General Nutrition Centers.”
On motion for summary judgment GNC established that these ads were created entirely by Buckley for Smart Health, and neither approved nor authorized by GNC. GNC does permit its vendors to state in advertisements that a particular product is available at GNC stores.
Plaintiff does not dispute these facts, but argues that there are inferences from which it could be found that Smart Health is the agent of GNC. Plaintiff relies for that inference on evidence that GNC permitted vendors of products to state that the products are available at GNC stores.
In Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla.1995), plaintiff was beaten by an employee of a gas station owned by Mobil Oil, but leased to Berman. The plaintiff sued Mobil on the theory that Berman was Mobil’s agent because Mobil products were sold and Mobile trademarks and logos were displayed. The Florida Supreme Court affirmed a summary judgment in favor of Mobil, stating that the mere permissive use of Mobil’s name did not create an agency relationship. The permissive use of its name in the present case did not create an agency by GNC anymore than Mobil’s actions did in Bransford. See also Charles of the Ritz Group, Ltd. v. Quality King Distrib., Inc., 664 F.Supp. 152 (S.D.N.Y.1987) (cosmetic supplier was not responsible for the contents of advertisements published by retailers); Pittman v. Dow Jones & Co., Inc., 662 F.Supp. 921, 922 (E.D.La.1987) (a newspaper does not have a duty to investigate the accuracy of an advertisement placed with it).
In the present case, the pleadings do not allege an agency relationship, nor is there any evidence from which it could be inferred that there was an agency relationship between GNC and Smart Health. Affirmed.
WARNER and SHAHOOD, JJ., concur.